WOODRUFF *v.* VENIA.

ADVERSE POSSESSION—QUIETING TITLE—EVIDENCE—SUFFICIENCY.
On a bill to quiet title to land, testimony of plaintiffs *held*, to show such an open, notorious, continuous, exclusive, distinct, and hostile possession to the land in question as to make out a title by adverse possession.

Appeal from Monroe; Gilday, J. Submitted June 11, 1919. (Docket No. 14.) Decided July 17, 1919.

Bill by Ari E. Woodruff and others against Joseph Venia and another to quiet title to land. From a decree dismissing the bill, plaintiffs appeal. Reversed, and decree entered for plaintiffs.

*Woodruff & Woodruff* and *Frank W. Atkinson,* for plaintiffs.

*Willis Baldwin,* for defendants.

The bill of complaint in this cause was filed to quiet title to lands lying between the property of the plaintiffs and the property of the defendants. The location of the disputed strips can be readily seen from the annexed map of the *locus in quo,* which was offered in evidence and marked "Exhibit A."

Ex. A.

The defendants filed an answer and a cross-bill in which they claimed ownership of that portion of the property lying between the line of the "old fence," which it is claimed followed the course of Bad creek,

and the so-called "new fence" which the defendants attempted to erect on the said property. The line of this new fence cuts off from the property which the plaintiffs claim to own, two parcels, one consisting of 1.162 acres and the other consisting of 15.339 acres. These parcels are designated on the map, Exhibit A, as "Parcel 1" and "Parcel 2." On the hearing of the case in the court below both parties claimed title to the disputed land by adverse possession. A decree was entered dismissing the bill of complaint and giving to the defendants affirmative relief sustaining their contention that they had acquired title by adverse possession to the two disputed strips in question, and from this decree the plaintiffs have appealed.

KUHN, J. (*after stating the facts*). It is the claim of the defendants that they owned the property, *first,* by virtue of conveyance which is attached to the bill of complaint, and *second,* by adverse possession. Defendants' claim of title by virtue of deed is based upon a deed from Louis Lozon to Adolph Venia and Joseph Venia, dated February 20, 1889, and a subsequent conveyance to him by Adolph Venia of the undivided one-half interest of the said Adolph Venia in the property described in said deed. The description in this deed is as follows:

"Being a part of the north half of the northwest quarter of section two (2) in township six (6) south, range ten (10) east, and bounded north by Bad creek, east by the northeast quarter of said section and Bad creek, south by land formerly owned by Godfrey Venia and west by section three (3), containing thirty acres more or less."

It will be noticed that the north boundary of this land is described in the deed as Bad creek, and the difficulty here arises from the fact that the location and character of Bad creek is in dispute. For a period of about 17 or 18 years the fence, which was con-

structed by the defendant himself, followed what was known as Bad creek. It is his claim that he constructed it for the purpose of keeping his cattle from trespassing upon the lands of the Elliotts to the north. The record discloses that Bad creek is well defined to the west of the highway, but to the east of the highway it gradually widens out and at places is 30 or 40 feet wide and becomes swamp land. The record also discloses that a dike was erected by Julius Elliott upon a portion of the land in dispute to make it more suitable for cultivation, and that at least a portion of the land in dispute lying north of the old fence was cultivated by Huldah Elliott without any objection being made thereto by the defendant, although he admitted that he knew this was being done.

Counsel seem to have no serious controversy as to the law which is applicable to the situation here presented, but the dispute arises over the determination of what conclusion should be drawn from the facts as presented by the record. It is reasonable to assume that at the time that the deed in question was drawn, Bad creek must have been a well defined stream suitable to have been used in a description as a boundary line. The deed further described the land as 30 acres, more or less. A reading of the record gives no convincing reason why the defendant built a meandering fence and thereby cut off, as he now claims, about 17 acres of his property, instead of in a straight line, as would ordinarily be done, unless he recognized that the center of Bad creek was the division line between the properties. The only claim of actual possession which the defendants rely upon is that from time to time he hunted over the grounds and gave permits to others to hunt thereon. The record, however, shows that the defendant Venia never planted crops on any part of the property in dispute, and it is admitted that he never used it other than for hunting as above

stated. On the other hand, the testimony of the witnesses is convincing that, with reference to the property north of the old fence, which it is claimed came into the possession of Huldah Elliott in 1877 and was owned by her up to the time of her death, it was well understood that the southern boundary of this property was the old line fence, which followed the course of the creek, and that the Elliotts, for upwards of 20 years prior to the commencement of this suit, have used from time to time portions of this land for farming purposes. Considering the character of the property in question, that a part of it was swamp land and not suitable for cultivation, we have come to the conclusion that it is clearly shown that the possession and occupancy of the plaintiffs and their predecessor in title was of such a character as to openly and publicly indicate an assumed control and use thereof and that the occupancy was of such a character as to notify and warn a claimed owner who should visit the premises, that a person was in possession under a hostile claim. The plaintiffs by their testimony have shown such an open, notorious, continuous, exclusive, visible, distinct and hostile possession to the disputed land in question as to make out a title by adverse possession by clear and cogent proof.

The decree of the lower court must be reversed and a decree will here be entered in accordance with the prayer of the bill of complaint, with costs to the appellants.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.